IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WEST SHORE HOME, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>S. COOPER INVESTMENTS, INC. D/B/A MAXX RESTORATION, MAXX RESTORATION & CONSTRUCTION, AND SCOTT COOPER,<br><br>      Defendants. | Civil Action No.:<br><br><br><br>**JURY DEMAND** |

**COMPLAINT FOR UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, AND DEFAMATION**

Plaintiff West Shore Home, LLC ("Plaintiff"), through its undersigned counsel, for its Complaint against Defendant S. Cooper Investments, Inc. ("S. Cooper Investments"), doing business as Maxx Restoration and Maxx Restoration & Construction, and its alter ego Scott Cooper (collectively, "Defendant") alleges as follows:

**<u>Parties</u>**

1.      Plaintiff is a limited liability company duly organized an existing under the laws of the State of Pennsylvania, having a principal place of business at 3 Crossgate Drive, Mechanicsburg, PA 17050.  Plaintiff is registered to do business in the State of Iowa and has a physical location at 305 Adventureland Drive, Suites 118-120, Altoona, Iowa 50009.

2.      S. Cooper Investments, doing business as Maxx Restoration and Maxx Restoration & Construction, is a corporation organized and existing under the laws of the State

of Iowa, and having a principal place of business at 5640 SE 14th Place, Pleasant Hill, Iowa 50327.

3.      On information and belief, the address 5640 SE 14th Place, Pleasant Hill, Iowa 50327, listed with the Iowa Secretary of State as the principal place of business for S. Cooper Investments, Inc., is the personal address of Scott Cooper.

4.      Scott Cooper is the President and Director of S. Cooper Investments.

5.      On information and belief, Scott Cooper is the controlling shareholder of S. Cooper Investments.

## **Jurisdiction and Venue**

6.      This is a civil action for unfair competition, false advertising, commercial disparagement, false designation of origin, and trademark infringement under the Lanham Act 15 U.S.C. § 1051 et seq.; trademark infringement and unfair competition under the common law of the State of Iowa; and defamation under the common law of Iowa.

7.      Jurisdiction over the subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a-b).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under common law pursuant to 28 U.S.C. § 1367(a).

8.      The Court has personal jurisdiction over Defendant due to Defendant's incorporation in the State of Iowa and its principal place of business in the State of Iowa, which is within this district.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) due to Defendant's incorporation in the State of Iowa and its principal place of business in the State of

Iowa, which is within this district.

## Plaintiff's Business and Trademarks

10.    Plaintiff is a nationwide leader in home renovation, home remodeling, and home repair services ("Plaintiff's Services").

11.    Plaintiff has been in the home renovation, home remodeling, and home repair service business since at least 2006, and has regularly provided Plaintiff's Services in interstate commerce.  Plaintiff currently serves customers through forty offices located in twenty states, including in Alabama, Arizona, Colorado, Florida, Georgia, Indiana, Iowa, Kentucky, Maryland, Michigan, Missouri, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Utah, and Virginia.

12.    Plaintiff has been doing business in Iowa since July of 2022.  Plaintiff has 27 employees in the State of Iowa.

13.    Plaintiff's services in the State of Iowa include bathroom remodeling, window and door installation, and flooring installation services.

14.    Plaintiff is the owner of several registered trademarks including (1) U.S. Trademark Reg. No. 4,968,264 for WEST SHORE for home renovation and remodeling services; (2) U.S. Trademark Reg. No. 5,746,115 for WEST SHORE HOME for home renovation services; home remodeling services in the nature of the reconstruction and repair of homes; and (3) U.S. Trademark Reg. No. 6,400,683 for the logo  for home renovation services; home remodeling services in the nature of the reconstruction and repair of homes (collectively, the "WEST SHORE Trademarks" or "Plaintiff's Trademarks"). Copies of the registrations are attached as Exhibits 1, 2, and 3.

15.    An application for registration for the WEST SHORE mark was filed on October 2, 2015, and was used in commerce at least as early as July 1, 2010. U.S. Trademark Reg. No. 4,968,264 granted on May 31, 2016, and was acknowledged as incontestable by the United States Patent and Trademark Office on September 21, 2021.

16.    An application for registration for the WEST SHORE HOME mark was filed on March 16, 2017, and was used in commerce at least as early as February 28, 2018. U.S. Trademark Reg. No. 5,746,115 granted on May 7, 2019, and was acknowledged as incontestable by the United States Patent and Trademark Office on August 22, 2025.

17.    An application for registration for the logo  mark was filed on September 10, 2020, and was used in commerce at least as early as January 31, 2018. U.S. Trademark Reg. No. 6,400,683 granted on June 29, 2021.

18.    Plaintiffs use of the WEST SHORE Trademarks has been continuous, exclusive, and longstanding. Plaintiff has exclusively and continuously used the WEST SHORE Trademarks in connection with its home renovation, home remodeling, and home repair services for at least eight years, and in some instances at least sixteen years, since at least as early as the respective cited dates of first use.

19.    Plaintiff has expended significant time, money, and effort to establish public recognition of the WEST SHORE Trademarks in connection with its remodeling and reconstruction services since at least 2018 and in some instances since at least 2010. As a direct result of these efforts, along with Plaintiff's longstanding, continuous, and exclusive use of the WEST SHORE Trademarks in interstate commerce, the WEST SHORE Trademarks have come to signify: (A) Plaintiff as the source of the services; and (B) the high qualify craftmanship

offered by Plaintiff.

20.     As a result of these efforts, Plaintiff enjoys substantial and valuable goodwill, reputation in its business operations, and recognition throughout the United States relating to the WEST SHORE Trademarks, including within the State of Iowa.  True and correct copies of pages from Plaintiff's website evidencing its use of the WEST SHORE Trademarks are attached as Exhibit 4.

21.     Plaintiff and Defendant offer competing bathroom renovation services.

22.     Plaintiff and Defendant operate in the same trade channel.

**Defendant's Infringement and Unfair Competition**

23.     Defendant is a contractor company that offers bathroom renovation services in the State of Iowa.  On information and belief, S. Cooper Investments has been in business since August 4, 2006, doing business as Maxx Restoration since January 27, 2023, and doing business as Maxx Restoration & Construction since June 13, 2025.

24.     On information and belief, S. Cooper Investments, doing business as Maxx Restoration and Maxx Restoration & Construction, and Scott Cooper possess a unity of interest and ownership such that the business entity and the person cannot be separated.

25.     Defendant's website, maxxrestoration.com, includes a "Blog" section, which contains a blog post entitled "West Shore Home vs Maxx Restoration | Des Moines Best Bathroom Remodeler," dated January 30, 2026 (the "January 30 Blog Post").  A copy of the January 30 Blog Post is attached as Exhibit 5.

26.     Defendant provides an inaccurate and misleading comparison between Plaintiff's services and Defendant's services throughout the January 30 Blog Post.  "If you live in **Des**

**Moines, West Des Moines, Ankeny, Urbandale, Johnston, Waukee, Altoona, or Clive**, this guide will help you decide which contractor is the right fit for your bathroom or shower remodel." *See* Exhibit 5.

27.    The January 30 Blog Post is an advertisement comparing Plaintiff and Defendant's services.

28.    Defendant prominently uses a logo containing WEST SHORE HOME in its January 30 Blog Post (*see* Exhibit 5):



29.    Despite using a WEST SHORE HOME logo as a heading, Defendant's advertisement includes the photo of an individual that purports to be affiliated with West Shore Home, when that individual is not a West Shore Home employee. Indeed, the individual appears to be wearing a Maxx Restoration shirt and hardhat that have been altered to leave the viewer with the impression that he is affiliated with West Shore Home, when he is not a West Shore Home employee or affiliated with West Shore Home in anyway.

30.    Defendant used an altered "West Shore Home" logo in its January 30 Blog Post.

*See* Exhibit 5.  Defendant's altered "West Shore Home" logo has never been used or registered by Plaintiff.  Plaintiff owns a trademark registration to the wordmark, WEST SHORE HOME, which is not restricted to any font, size, or color.

31.    Defendant's creation and use of an altered "West Shore Home" logo is a direct violation of Plaintiff's exclusive rights in the WEST SHORE Trademarks.

32.    Defendant intentionally and willfully used the altered "West Shore Home" logo on social media, including Defendant's post on X (formerly Twitter) on January 30, 2026, which provides a link to the January 30 Blog Post (the "Defendant's X Post").  A copy of Defendant's X Post is attached as Exhibit 6.

33.    Despite knowledge of Plaintiff's ownership rights in the WEST SHORE Trademarks, Defendant has willfully infringed Plaintiff's registered trademarks, using Defendant's altered "West Shore Home" logo without Plaintiff's permission and in a manner likely to cause confusion.

34.    Defendant willfully infringed Plaintiff's registered trademarks to exploit Plaintiff's national presence and name recognition for Defendant's gain.

35.    On information and belief, Defendant has used Plaintiff's Trademarks to boost its visibility through search engine optimization, including, but not limited to, by linking Plaintiff's website in the January 30 Blog Post.  This is evidenced by the capture attached as Exhibit 7, reproduced in part below:



36.     Defendant has used Plaintiff's Trademarks, without Plaintiff's permission, in the ad copy and advertisement titles for Maxx Restoration which appear in online search queries. This is evidenced by Exhibit 7, above, and by the capture attached as Exhibit 8, reproduced in part below:



37.     Defendant has used Plaintiff's Trademarks in URLs without Plaintiff's permission.  *See, e.g.*, Exhibit 5.

38.     In addition to the January 30 Blog Post, Defendant published a blog post entitled "Best Shower Replacement Company in Des Moines" on January 15, 2026 (the "January 15 Blog Post").  A copy of the January 15 Blog Post is attached as Exhibit 9.

39.     The January 15 Blog Post is an advertisement inaccurately comparing Plaintiff's and Defendant's services.  The January 15 Blog Post also compares Defendant's services to several competitors, including Plaintiff.

40.     The January 15 Blog Post provides an inaccurate comparison chart with various categories (the "January 15 Comparison Chart") (*see* Exhibit 9):

### Comparison Chart: Maxx Restoration vs. Competitors

| Feature | Maxx Restoration | West Shore Home | Clear Choice Bath | Mad City Bath | Bath Planet |
|---|---|---|---|---|---|
| Customization Options | Extensive | Limited | Moderate | Moderate | Limited |
| Quality of Materials | Premium | Mid-range | Mid-range | Budget-focused | Mid-range |
| Installation Time | 2-3 Days | 1 Day | 1-2 Days | 2-3 Days | 1-2 Days |
| Warranty | Lifetime | Limited | Limited | 10 Year | 10 Year |
| Customer Satisfaction Rating | 4.9/5.0 | 4.2/5.0 | 4.3/5.0 | 4.1/5.0 | 4.0/5.0 |
| Design Consultation | Free | Paid | Free | Free | Paid |
| Aftercare Service | Comprehensive | Basic | Basic | Moderate | Basic |
| Financing Options | Flexible | Limited | Moderate | Flexible | Limited |
| Local Focus | Yes | National | National | Regional | National |

41.     In the January 15 Comparison Chart, Defendant falsely states that West Shore Home has "Paid" (i.e., not "Free") design consultations.  *See* Exhibit 9.  In fact, West Shore Home offers complimentary consultations.  This statement by Defendant provides objectively false information to consumers.

42.     In addition to this objectively false statement, Defendant makes numerous misleading statements relating to Plaintiff's services in the January 15 Blog Post and the January 30 Blog Post.  *See* Exhibits 5 and 9.  Defendant's statements, as further detailed below, misrepresent the nature, characteristics, qualities, and geographic origin of Plaintiff's services. Defendant misrepresents at least (1) the local presence of Plaintiff, (2) Plaintiff's communication

with its customers, (3) Plaintiff's customer service, (4) Plaintiff's competency for the services it offers, (5) the customization that Plaintiff offers with its services, (6) the quality of materials offered by Plaintiff, (7) Plaintiff's sales and marketing presence, (8) consumer impression of Plaintiff, and (9) the financing options offered by Plaintiff.

43.     In the January 15 Comparison Chart, Defendant falsely, or in the alternative misleadingly, describes Plaintiff's customization options as "Limited." *See* Exhibit 9.  In fact, Plaintiff allows extensive customization throughout its projects according to the needs of its customers.

44.     Further, Defendant describes its own materials as "Premium" and Plaintiff's materials as "Mid-range" in the January 15 Comparison Chart, and later in the January 15 Blog Post, Defendant describes Plaintiff's materials as "Basic." *See* Exhibit 9.  In doing so, Defendant is providing the impression that Plaintiff and Defendant use different materials or that Plaintiff does not have access to the same materials as Defendant.  On information and belief, this statement is false.

45.     Further still, Defendant provides false or misleading information regarding customer satisfaction in its January 15 Comparison Chart, which lists Defendant's customer satisfaction rating at "4.9/5.0" and Plaintiff's customer satisfaction rating at "4.2/5.0." *See* Exhibit 9.  Notably, Defendant provides no source or basis for these rankings.  On information and belief, these rankings were fabricated by Defendant.

46.     Additionally, Defendant provides false or misleading information regarding aftercare service.  The January 15 Comparison chart describes Plaintiff's aftercare service as "Basic."  In fact, Plaintiff has a team of dedicated customer service agents for aftercare service.

47.     In the January 15 Comparison Chart, Defendant also misrepresents Plaintiff's

financing options, describing Plaintiff's financing options as "Limited."  *See* Exhibit 9.  In fact,

Plaintiff has a wide variety of financing options, and works with its customers to find the best

option.  This statement is objectively false, or in the alternative, misleading.

48.     In its January 30 Blog Post, Defendant falsely or misleadingly compares "West

Shore Home vs Maxx Restoration" based on local experience (*see* Exhibit 5):



49.     Defendant's false and misleading statements intentionally leave the consumer

with the impression that Plaintiff does not have the requisite experience to perform services in

Iowa, or a meaningful presence or employees in Iowa.  In fact, Plaintiff has a physical location

and 27 employees in Iowa, further supported by Plaintiff's national presence and more than

3,000 employees.

50.     Contrary to Defendant's statements, customers can directly reach Plaintiff's

employees in Iowa.

51.     Defendant's statements are designed to leave customers and potential customers

with the impression that Plaintiff does not have an understanding of "Iowa building codes and

permit requirements," "Midwest humidity and moisture control challenges," "Older Des Moines

homes with unique plumbing layouts," and "Local suppliers, inspectors, and timelines," and

therefore is not competent in completing its projects. This is not true. Plaintiff has competency and expertise in each of these areas.

52.    Defendant makes false and misleading statements about its own services by implying that it has specialized trade licenses. For instance, contrary to Defendant's assertion that it understands "Older Des Moines homes with unique plumbing layouts," on information and belief, Defendant is not registered as a plumbing contractor with the State of Iowa.

53.    Defendant further falsely and misleadingly implies that it has a contractor's license with the State of Iowa. Defendants are misleadingly holding themselves out as licensed contractors. *See, e.g.*, Exhibit 5 (describing "IOWA CONTRACTORS LICENSE C142602"). On information and belief, Defendant is registered with the State of Iowa under industry 236118 - Residential Remodelers.

54.    Additionally, as shown in the above excerpt, Defendant falsely describes Plaintiff's services as a "one-size-fits-all national system," when in fact, Plaintiff allows extensive customization throughout its projects according to the needs of the customers. *See* January 30 Blog Post, Exhibit 5.

55.    Next, in its January 30 Blog Post, Defendant falsely or misleadingly compares "West Shore Home vs Maxx Restoration" based on actual services (*see* Exhibit 5):



**Bathroom Remodeling Services Compared**

When evaluating **West Shore Home vs Maxx Restoration** for my project, it's important to look beyond marketing and compare actual services.

**Maxx Restoration Bathroom Remodeling Services Include:**

- Bathroom remodeling
- Shower replacement
- Tub-to-shower conversion
- Walk-in shower installation
- Custom bathroom renovation
- Flooring, vanities, lighting, plumbing, and layout improvements

Rather than limiting homeowners to pre-selected systems, Maxx Restoration offers customized bathroom remodeling solutions, allowing you to choose materials, layouts, and finishes that truly fit your home and lifestyle.

56.    Defendant's false and misleading statements intentionally misrepresent Plaintiff's services, which allow for extensive customization throughout its projects according to the needs of the customers, including customization of materials, layouts, and finishes.  Defendant's misrepresentations are designed to imply that Plaintiff does not offer customization or that Plaintiff offers very limited customization.

57.    Further still, in its January 30 Blog Post, Defendant falsely or misleadingly compares "West Shore Home vs Maxx Restoration" based on how each company approaches design and sales (*see* Exhibit 5):



**Customization vs. Sales Systems**

A major difference in the **West Shore Home vs Maxx Restoration** for my project decision is how each company approaches design and sales.

**Maxx Restoration's Approach**

- In-home consultations with real project specialists
- Transparent pricing with no pressure
- Custom recommendations based on your goals and budget
- No forced upgrades or "today-only" discounts

Maxx Restoration focuses on **long-term satisfaction**, not just closing a sale. Homeowners throughout **Ankeny, Waukee, and West Des Moines** consistently choose Maxx Restoration because they feel informed — not pressured.

58.    Defendant's false and misleading statements are designed to leave the potential customer with the impression that customization is limited or nonexistent with Plaintiff.  Additionally, Defendant's statements leave the consumer with the impression that Plaintiff does not complete in-home consultations with real project specialists.  Defendant's statements are designed to falsely imply that Plaintiff doesn't provide transparent pricing or that Plaintiff uses pressure tactics.  Defendant falsely implies that Plaintiff pressures customers into "forced upgrades."  Defendant's statements falsely imply that Plaintiff is not concerned with long-term satisfaction of its customers.  On information and belief, Defendant has no basis to make these comparisons.

59.    Defendant continues, in its January 30 Blog Post, to falsely or misleadingly

compare "West Shore Home vs Maxx Restoration" based on quality of work and installation standards (*see* Exhibit 5):



**Quality of Work and Installation Standards**

Bathrooms and showers are high-moisture environments. Installation quality matters just as much as materials.

In the **West Shore Home vs Maxx Restoration** comparison, Maxx Restoration stands out by emphasizing:

- Proper waterproofing systems
- Skilled local installers (not rotating crews)
- Attention to plumbing, drainage, and ventilation
- Clean job sites and respect for your home

A bathroom remodel done incorrectly can lead to mold, leaks, and costly repairs. Maxx Restoration's reputation across **Des Moines, Urbandale, and Johnston** is built on doing the job right — not rushing through installations.

60.    Defendant's false and misleading statements once again leave the consumer with the false impression that Plaintiff does not have a local presence or local workers and, further, Defendant falsely implies that Plaintiff is not competent to complete this type of work.  It is objectively false that Plaintiff uses rotating crews, not local workers.  Plaintiff uses its own local employees for its Iowa installations and does not sub-contract this work.  Additionally, Defendant's statements leave the consumer with the false impression that (1) Plaintiff does not use proper waterproofing systems, (2) Plaintiff does not pay attention to plumbing, drainage, and ventilation, (3) Plaintiff does not keep clean jobs sites, (4) Plaintiff disrespects customers' homes, and (5) Plaintiff rushes through installations.

61.    In its January 30 Blog Post, Defendant falsely or misleadingly compares "West Shore Home vs Maxx Restoration" based on timeliness, communication and accountability (*see* Exhibit 5):



**Timeline, Communication, and Accountability**

Another key factor homeowners consider in **West Shore Home vs Maxx Restoration** is communication.

With Maxx Restoration, you get:

- A local team you can reach directly
- Clear timelines and realistic expectations
- Ongoing communication during your bathroom remodel
- Accountability after the project is complete

If something needs attention, Maxx Restoration is local — not a national call center.

62.     Defendant's false and misleading statements leave the consumer with the impression that Plaintiff does not have a meaningful presence or employees in Iowa—rather, Plaintiff can only be reached through a national call center.  As noted above, consumers can directly contact Plaintiff's employees in Iowa.  In addition, Defendant's statements falsely imply that Plaintiff has poor communication and lacks accountability after project completion.

### COUNT I

### Unfair Competition, False Advertising, Commercial Disparagement and False Designation of Origin Under 15 U.S.C. § 1125(a)

63.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62.

64.     Defendant's false description of Plaintiff's services, the materials Plaintiff uses, Plaintiff's financing options, and false statement that Plaintiff offers only paid design consultations (*see* Exhibit 9) constitute a misrepresentation of the nature, characteristics, and qualities of Plaintiff's services in commercial advertising or promotion.

65.     On information and belief, Defendant's statement that it understands "[o]lder Des Moines homes with unique plumbing layouts" (*see* Exhibit 5) constitutes a misrepresentation of the nature, characteristics, and qualities of its own services in commercial advertising or promotion, where on information and belief, Defendant is not registered as a plumbing contractor with the State of Iowa.

66.     Defendant's false and misleading statements imply that Plaintiff does not have a meaningful presence in Iowa and does not use local employees to complete its jobs (*see* Exhibit 5).  In doing so, Defendant provides a misleading representation of fact in commercial advertising or promotion—misrepresenting the nature, characteristics, qualities, and geographic origin of Plaintiff's services.

67.    Defendant's false and misleading statements imply that Plaintiff does not offer customization to the consumer for its projects or offers very limited customization (*see* Exhibits 5 and 9).  In doing so, Defendant provides a misleading representation of fact in commercial advertising or promotion—misrepresenting the nature, characteristics, and qualities of Plaintiff's services.

68.    Defendant's false and misleading statements imply that Plaintiff does not have access to or provide the same quality of materials as Defendant by describing Plaintiff's quality of materials as "Limited" versus Defendant's materials as "Premium" (*see* Exhibit 9).  In doing so, Defendant provides a misleading representation of fact in commercial advertising or promotion—misrepresenting the nature, characteristics, and qualities of Plaintiff's services.

69.    Defendant's false and misleading statements imply that Plaintiff uses pressure sales tactics, including forced upgrades (*see* Exhibit 5).  In doing so, Defendant provides a misleading representation of fact in commercial advertising or promotion—misrepresenting the nature, characteristics, and qualities of Plaintiff's services.

70.    Defendant falsely states that Plaintiff has an inferior 5-star rating when compared to Defendant, where such statement is made without any indication as to the source (*see* Exhibit 9).  On information and belief, Defendant has fabricated these rankings.  In doing so, Defendant provides a false representation of fact in commercial advertising or promotion—misrepresenting the nature, characteristics, and qualities of Plaintiff's services.

71.    Defendant falsely states that Plaintiff has "Basic" aftercare service (*see* Exhibit 9).  In doing so, Defendant provides a false representation of fact in commercial advertising or promotion—misrepresenting the nature, characteristics, and qualities of Plaintiff's services.

72.     Defendant falsely states that Plaintiff provides "Limited" financing options (*see* Exhibit 9).  This false statement leaves consumers with the impression that Plaintiff has limited financing options available, and more, falsely implies that Defendant's financing options are superior to Plaintiff's financing options.  In doing so, Defendant provides a false representation of fact in commercial advertising or promotion—misrepresenting the nature, characteristics, and qualities of Plaintiff's services.

73.     Defendant's unauthorized use of Plaintiff's WEST SHORE Trademarks alongside a person that is not a West Shore Home employee (*see* Exhibits 5 and 6) is likely to cause confusion, or to cause mistake or to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval by Plaintiff.

74.     Defendant's unauthorized use of Plaintiff's WEST SHORE Trademarks and alteration of Plaintiff's WEST SHORE Trademarks is likely to cause confusion, or to cause mistake or to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval by Plaintiff.

75.     Defendant's unauthorized use and exploitation of Plaintiff's WEST SHORE Trademarks and alteration of Plaintiff's WEST SHORE Trademarks enables Defendant to benefit unfairly from Plaintiff's goodwill, reputation and success, thereby giving Defendant's services commercial value they otherwise would not have.

76.     Defendant's false and misleading statements were made with the intent to influence prospective customers' purchasing decisions.

77.     On information and belief, Defendant's campaign of false and misleading statements has influenced, and will continue to influence, prospective customers' purchasing

decisions.

78.    Defendant's actions constitute unfair competition, false advertising, commercial disparagement, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.    Plaintiff has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and Plaintiff has no adequate remedy at law to compensate for this harm and damage.

80.    Because Defendant's actions have been willful, Plaintiff is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional, case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

81.    On information and belief, Scott Cooper is personally liable for amounts owed to Plaintiff as the alter ego of S. Cooper Investments.

82.    On information and belief, Scott Cooper is personally liable for amounts owed to Plaintiff under the doctrine of piercing the corporate veil.

## COUNT II

### Federal Trademark Infringement Under 15 U.S.C. § 1114

83.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 82.

84.    Plaintiff owns U.S. Trademark Registration No. 5,746,115 for WEST SHORE HOME, which is a word mark not limited to any font, size, or color.  This registration is incontestable.

85.    Plaintiff owns U.S. Trademark Registration No. 6,400,683 for the stylized design or logo  .

86.     Defendant, without authorization from Plaintiff, is using the WEST SHORE Trademarks.

87.     Defendant's unauthorized use of the WEST SHORE Trademarks is likely to lead to confusion in the market as to source, affiliation, connection or association between Plaintiff and the individual depicted in Exhibits 5 and 6.

88.     Defendant's unauthorized use of the WEST SHORE Trademarks is likely to lead to confusion as to as to source, affiliation, connection or association between Plaintiff and the individual depicted in Exhibit 5 and 6, particularly where the individual appears to be wearing Defendant-branded apparel.

89.     Defendant's unauthorized use of the WEST SHORE Trademarks is confusing because it is used within a logo that has never been registered by Plaintiff, despite containing a registration ® symbol.

90.     Defendant, without authorization from Plaintiff, is using a logo that is an altered version of Plaintiff's logo, where the altered version is confusingly similar to the WEST SHORE Trademarks.

91.     Defendant's infringing use of the WEST SHORE Trademarks is prominent and uses more than necessary to reference West Shore Home.

92.     Plaintiff and Defendant offer directly competing renovation and construction services, including for instance bathroom remodeling.

93.     Plaintiff and Defendant target the same consumers.

94.     Plaintiff and Defendant operate in the same trade channel.

95.     The foregoing acts of Defendant are intended to cause confusion, mistake, and

deception among consumers and the trade as to whether Defendant's services originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

96.     Defendant's unauthorized use of WEST SHORE HOME is intended to cause, has caused, and is likely to continue to cause deception confusion or mistake among consumers as to the origin, sponsorship, endorsement or approval of Defendant's services and/or to cause confusion or mistake as to any affiliation, connection or association between Plaintiff and Defendant, in violation of 15 U.S.C. § 1114(a).

97.     On information and belief, prior to Defendant's online publications in January 2026, Defendant was aware of Plaintiff's business and had either actual notice and knowledge, or constructive notice of Plaintiff's Trademarks.  Therefore, Defendant's infringement has been and continues to be intentional, willful, and without regard to Plaintiff's federal registration.

98.     Defendant's conduct as described herein has been intentional and with malice.

99.     On information and belief, Defendant has gained profits by virtue of its infringement of Plaintiff's Trademarks.

100.    Plaintiff will suffer and is suffering irreparable harm from Defendant's infringement of the Plaintiff's Trademarks insofar as Plaintiff's invaluable goodwill is being eroded by Defendant's continuing infringement.

101.    Plaintiff has no adequate remedy at law to compensate it for the loss of business, reputation, customers, market position, confusion of potential customers, and goodwill flowing from Defendant's infringing activities.

102.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to an injunction against Defendant's continuing infringement of Plaintiff's Trademarks.  Unless enjoined, Defendant will

continue its infringing conduct.

103.    Because Defendant's actions have been committed with intent to damage Plaintiff and to confuse and deceive the public, Plaintiff is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

104.    On information and belief, Scott Cooper is personally liable for amounts owed to Plaintiff as the alter ego of S. Cooper Investments.

105.    On information and belief, Scott Cooper is personally liable for amounts owed to Plaintiff under the doctrine of piercing the corporate veil.

## COUNT III

### Common Law Trademark Infringement and Unfair Competition

106.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 105.

107.    Plaintiff and Defendant offer competing renovation and construction services.

108.    Plaintiff and Defendant target the same consumers.

109.    Plaintiff and Defendant operate in the same trade channel.

110.    Defendant's use of WEST SHORE HOME and logo that is confusingly similar to

 has created and will continue to create a likelihood of confusion amongst consumers as to the source of servies being provided by the parties, thereby constituting trademark infringement and unfair competition with Plaintiff in violation of the common law of the State of Iowa.

111.    Plaintiff will be irreparably harmed by Defendant's use of WEST SHORE HOME

and logo that is confusingly similar to **WEST SHORE** HOME either alone or in combination with other

words or symbols as Defendant has been doing and continues to do.  This irreparable harm will

take place unless Defendant is enjoined from doing so.

112.    Defendant has engaged in a campaign of unfair competition by using false or

misleading representation of facts in commercial advertising or promotion, which misrepresent

the nature, characteristics, qualities, and geographic origin of Defendant's and Plaintiff's services

(as outlined in Count I), and Plaintiff has been and is likely to be damaged by Defendant's

continued misrepresentation, all in violation of the common law of the State of Iowa.

113.    Defendant's conduct as described herein has been intentional and with malice.

114.    Defendant's conduct as described herein has caused substantial and irreparable

damage to Plaintiff and will continue to cause further irreparable damage to Plaintiff if

Defendant is not preliminarily and permanently enjoined by this Court from further violation of

Plaintiff's rights. Plaintiff has no adequate remedy at law.

115.    On information and belief, Scott Cooper is personally liable for amounts owed to

Plaintiff as the alter ego of S. Cooper Investments.

116.    On information and belief, Scott Cooper is personally liable for amounts owed to

Plaintiff under the doctrine of piercing the corporate veil.

## COUNT IV

## Common Law Defamation

117.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through

116.

118.    Defendant published false and misleading statements regarding the nature,

characteristics, and qualities of Plaintiff's services, including but not limited to false and misleading statements regarding how West Shore Home "approaches design and sales" (*see* Exhibit 5):



## Customization vs. Sales Systems

A major difference in the **West Shore Home vs Maxx Restoration** for my project decision is how each company approaches design and sales.

### Maxx Restoration's Approach

- In-home consultations with real project specialists
- Transparent pricing with no pressure
- Custom recommendations based on your goals and budget
- No forced upgrades or "today-only" discounts

Maxx Restoration focuses on **long-term satisfaction**, not just closing a sale. Homeowners throughout **Ankeny, Waukee, and West Des Moines** consistently choose Maxx Restoration because they feel informed — not pressured.

119.    Defendant's published defamatory statements imply that Plaintiff does not provide transparent pricing, and uses pressure sales tactics.  Defendant's published statements are a direct attack on Plaintiff's integrity, character, and morality.

120.    Defendant also published false and misleading statements regarding the nature, characteristics, and qualities of Plaintiff's services, including but not limited to false and misleading statements regarding West Shore Home's "quality of work" and "installation standards" (*see* Exhibit 5):



## Quality of Work and Installation Standards

Bathrooms and showers are high-moisture environments. Installation quality matters just as much as materials.

In the **West Shore Home vs Maxx Restoration** comparison, Maxx Restoration stands out by emphasizing:

- Proper waterproofing systems
- Skilled local installers (not rotating crews)
- Attention to plumbing, drainage, and ventilation
- Clean job sites and respect for your home

A bathroom remodel done incorrectly can lead to mold, leaks, and costly repairs. Maxx Restoration's reputation across **Des Moines, Urbandale, and Johnston** is built on doing the job right — not rushing through installations.

121.    Defendant's published defamatory statements imply that Plaintiff does not install proper waterproofing systems, does not employ skilled local installers, does not have attention to

plumbing, draining, and ventillation, and further still, does not keep clean job sites or respect its customer's homes. Defendant's published statements are a direct attack on Plaintiff's integrity, character, and morality, and imply that Plaintiff is incompetent, unreliable, and unprofessional in its occupation.

122. Defendant published the aforementioned statements about Plaintiff.

123. Defendant knew, at the time of publication, that its statements falsely described Plaintiff's services and were damaging to Plaintiff.

124. Defendant's statements were made recklessly or maliciously.

125. Plaintiff's reputation, goodwill, and public credibility have been harmed by Defendant's statements.

126. Plaintiff has suffered from the loss of business and revenue due to Defendant's false and misleading statements.

127. Defendant's published statements, which attack the integrity and moral character of Plaintiff and the competency of Plaintiff in its occupation, constitute libel per se under the common law of the State of Iowa.

128. Alternatively, Defendant's published statements constitute defamation by implication under the common law of the State of Iowa.

129. Defendant's statements were a proximate cause of Plaintiff's actual damages.

130. Plaintiff has suffered actual damages from a loss of reputation and goodwill, loss of public credibility, and loss of business and revenue.

131. On information and belief, Scott Cooper is personally liable for amounts owed to Plaintiff as the alter ego of S. Cooper Investments.

132.    On information and belief, Scott Cooper is personally liable for amounts owed to Plaintiff under the doctrine of piercing the corporate veil.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    A judgement be entered in favor of Plaintiff and against Defendant on all Counts;

B.    That Defendant, its officers, directors, agents, attorneys, servants, employees, successors, and assigns, and all other persons in active concert or participation with them, and all those acting under the authority of or in privity with Defendant, be preliminarily and permanently enjoined from using in any manner whatsoever Plaintiff's Trademarks or any confusingly similar configuration as a trademark to advertise, promote, or identify the source of its services;

C.    An order that Defendant remove all advertisements, promotions, displays, signage, packaging, price lists, catalogs, publications, and articles, or any other materials in its possession or in control of any of its agents, which bear or represent in any way a copy, simulation, colorable imitation, reproduction, photograph, copy, or similar device that is confusingly similar to Plaintiff's Trademarks and rights alleged above;

D.    An order that Defendant and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, remove all advertisements, promotions, displays, signage, publications, articles, or any other materials in its possession or control which make false claims or promote unfair competition including, but not limited to, those as alleged in this Complaint and an injunction against future use of the same;

E.      An order that Defendant and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, remove all advertisements, promotions, displays, signage, publications, articles, or any other materials in its possession or control which make defamatory statements including, but not limited to, those as alleged in this Complaint and an injunction against future use of the same;

F.      That Defendant be ordered to pay Plaintiff an award of compensatory, consequential, statutory, exemplary, and/or punitive damages in an amount to be determined at trial;

G.      That Defendant be ordered to pay Plaintiff an award for damages suffered by Plaintiff by virtue of Defendant's unlawful acts alleged herein;

H.      That Defendant be ordered to account for and pay over to Plaintiff all earnings, profits, receipts and advantages derived by Defendants through the marketing of goods and services in association with the unlawful acts alleged herein;

I.      That Defendant be ordered to publish corrections, or alternatively engage in corrective advertising in an amount to be determined at trial;

J.      That Defendant be ordered to compensate Plaintiff for the advertising or other expenses necessary to dispel, cure, or counteract any public confusion caused by Defendant's unlawful acts;

K.      That Defendant be required to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

L.      That Defendant be ordered to pay Plaintiff's attorneys' fees and compensatory damages in a sum equal to three (3) times the amount of either Plaintiff's damages or Defendant's profits, receipts, and advantages;

M.      That Plaintiff be awarded its costs and expenses for bringing and prosecuting this action;

N.      That Plaintiff be awarded pre-judgment interest on any monetary award made as part of the judgment against Defendant;

O.      That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues appropriately triable by a jury.


Dated:  February 13, 2026                    Respectfully submitted,

                                             */s/ Allison E. Kerndt*
                                             Allison E. Kerndt
                                             Olivia C. Martzahn
                                             NYEMASTER GOODE, P.C.
                                             700 Walnut Street, Suite 1300
                                             Des Moines, Iowa 50309
                                             T: (515) 283-3100
                                             F: (515) 283-3108
                                             E: akerndt@nyemaster.com
                                             E: lmartzahn@nyemaster.com